# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| JENNIFER GAJEWSKI, Individually and on Behalf of All Others Similarly Situated, | ) Case No.: 17-cv-1055 ) ) **CLASS ACTION COMPLAINT** |
| Plaintiff, | ) ) |
| v. | ) ) |
| EGS FINANCIAL CARE, INC., | ) **Jury Trial Demanded** ) ) |
| Defendant. | ) ) |

## INTRODUCTION

1.  This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION

2.  The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3.  Plaintiff Jennifer Gajewski is an individual who resides in the Eastern District of Wisconsin (Milwaukee County). Her former name is Jennifer Krueger.

4.  Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5.  Defendant EGS Financial Care, Inc. ("EGS") is a debt collection agency with its principal place of business located at 5085 W Park Blvd Ste 300, Plano, TX 75093.

6.  EGS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7.     EGS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. EGS is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

**FACTS**

8.     On or about April 23, 2017, EGS mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "Synchrony Bank" ("Synchrony"). A copy of this letter is attached to this Complaint as Exhibit A.

9.     The alleged debt referenced in Exhibit A was an Amazon.com-branded credit card account, and the alleged debt was incurred for personal, family or household purposes, including purchases of household goods on Amazon's website.

10.    Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11.    Exhibit A was the first letter EGS sent to Plaintiff regarding this alleged debt.

12.    Exhibit A includes the FDCPA debt validation notice. 15 U.S.C. § 1692g(a).

13.    EGS's letter as a whole is confusing and misleading to the unsophisticated consumer.

14.    Exhibit A states:

```
AMOUNT NOW DUE: $234.00
TOTAL ACCOUNT BALANCE: $2032.00
```

15.    Exhibit A also states:

```
The named creditor has placed the above account with our office for collection. Please enclose your check or money order.
```

16.    Exhibit A also states:

```
Your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law.
```

2

17. The bottom of Exhibit A is a "payment coupon." It states:

```
Account #              TOTAL ACCOUNT BALANC
XXXXXXXXXXXX9201       $ 2032.00
JENNIFER M KRUEGER     AMOUNT NOW DUE:
                       $234.00
Payment Amount   ⬇

$        .
```

18. Exhibit A is confusing to the unsophisticated consumer. It is unclear whether EGS is collecting the entire $2,032.00 balance or just the $234.00 that was represented to be the "Amount Now Due."

19. EGS compounds the confusion by stating that Synchrony "has placed the above *account* with our office for collection," (emphasis added) and including both amounts on the payment coupon at the bottom of Exhibit A.

20. It is not unusual for banks to hire a debt collector to collect only the "past due" amount, i.e. missed payments and fees, of a credit card balance rather than the whole balance. The Seventh Circuit held in *Barnes v. Advanced Call Ctr. Techs., LLC*, 493 F.3d 838, 840 (7th Cir. 2007), that "only the past due amount, the amount owed [to the debt collector], can be the 'amount of the debt' under § 809(a)(1)." Whichever number EGS is truly collecting, it need only state that amount in the letter.

21. The different amounts on Exhibit A render Exhibit A confusing to the unsophisticated consumer, who would not be able to determine, or would be confused as to, which amount EGS was actually attempting to collect.

22. The alleged debt or debts here is an unsecured credit card account.

23. Upon information and belief, EGS and Synchrony would accept any payment of any amount at any time.

3

### *The FDCPA*

24. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

25. 15 U.S.C. § 1692e(2)(a) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt.

26. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

27. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

28. Plaintiff was confused by Exhibit A.

29. The unsophisticated consumer would be confused by Exhibit A.

30. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

31. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

32. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss

4

of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

33. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses"). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

5

## COUNT I – FDCPA

34. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

35. EGS represented the amount of the debt that EGS was attempting to collect in a confusing manner by stating multiple amounts that EGS was attempting to collect. Exhibit A.

36. The unsophisticated consumer would be confused as to whether EGS was attempting to collect only the "Amount Now Due" or the total balance.

37. EGS's conduct violates 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), 1692(f) and 1692g(a)(1).

## CLASS ALLEGATIONS

38. Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent an initial collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt, incurred for personal, family or household purposes (d) between July 31, 2016 and July 31, 2017, inclusive, (e) that was not returned by the postal service.

39. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

40. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

41. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

42. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

43. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

44. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: August 1, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com